STUART W. MILLER, CA State Bar No. 127766
KATHLEEN D. POOLE, CA State Bar No. 228815
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
stuartmiller@dwt.com
kathleenpoole@dwt.com

Attorneys for Defendant
LUMBERMENS, INC.

FILED

2008 FEB 19 P 2:25

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANNY JOE ELLIOTT,<br><br>  Plaintiff,<br><br>v.<br><br>LUMBERMENS, INC., which does business in California as San Lorenzo Lumber; PRO-BUILD HOLDINGS, INC., aka LUMBERMEN'S, INC.; DOES 1-20,<br><br>  Defendants. | Case No.: C 08-00943 HRL<br><br>**DEFENDANT LUMBERMENS, INC.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**BY FAX** |

DEFENDANT LUMBERMENS, INC. ("Defendant") answers and responds to Plaintiff's verified Complaint for Damages ("Complaint") as follows:

1. Admitted that Lumbermens, Inc. is headquartered in the State of Washington, at 3020 Willamette Drive, and that Lumbermens, Inc. does business in the State of California as Corp. No. C1890966, and was commonly known as San Lorenzo Lumber in the City of Santa Cruz, County of Santa Clara. Admitted that Lumbermens was the employer of Plaintiff from the time Lumbermens acquired San Lorenzo Lumber on or about March 1, 2004 until September 30, 2007 when Plaintiff failed to return from leave.

2. To the extent that paragraph 2 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Admitted that ProBuild Holdings, Inc. is a Delaware

corporation headquartered in Denver, Colorado. Admitted that ProBuild Holdings, Inc. acquired Lanoga Corporation, the parent company of Lumbermens, Inc., on or about February 1, 2006. The remaining factual allegations of paragraph 2 are denied.

    3.    To the extent that paragraph 3 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 3 consists of allegations of fact, each of those allegations is denied.

    4.    To the extent that paragraph 4 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 4 consists of allegations of fact, each of those allegations is denied.

    5.    To the extent that paragraph 5 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 5 consists of allegations of fact, Defendant lacks sufficient information to admit or deny, as such information is solely in Plaintiff's control.

    6.    To the extent that paragraph 6 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 6 consists of allegations of fact, Defendant lacks sufficient information to admit or deny, as such information is solely in Plaintiff's control.

    7.    To the extent that paragraph 7 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff worked as a cashier at the main counter of the Lumbermens store at 235 River Street, Santa Cruz, California. Defendant further admits that Plaintiff was employed at that location. The remaining factual allegations of paragraph 7 are denied.

    8.    To the extent that paragraph 8 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 8 consists of allegations of fact, each of those allegations is denied on information and belief.

    9.    To the extent that paragraph 9 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 9 consists of allegations of fact, each of those allegations is denied.

10. To the extent that paragraph 10 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 10 consists of allegations of fact, each of those allegations is denied.

11. To the extent that paragraph 11 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that it is Lumbermens policy to provide reasonable accommodations when requested by disabled employees in accordance with its legal obligations. The remaining factual allegations of paragraph 11 of the Complaint are denied.

12. To the extent that paragraph 12 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff's particular work station was at the work corner counter, where the counter turned to the right. The remaining factual allegations of paragraph 12 of the Complaint are denied.

13. To the extent that paragraph 13 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 13 consists of allegations of fact, each of those allegations is denied.

14. To the extent that paragraph 14 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 14 consists of allegations of fact, each of those allegations is denied.

15. To the extent that paragraph 15 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 15 consists of allegations of fact, each of those allegations is denied.

16. To the extent that paragraph 16 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 16 consists of allegations of fact, each of those allegations is denied.

17. To the extent that paragraph 17 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff was provided with family leave before he ceased working. The remaining factual allegations of paragraph 17 of the Complaint are denied.

18. To the extent that paragraph 18 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 18 consists of allegations of fact, each of those allegations is denied.

19. To the extent that paragraph 19 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 19 consists of allegations of fact, each of those allegations is denied.

20. To the extent that paragraph 20 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 20 consists of allegations of fact, each of those allegations is denied.

21. To the extent that paragraph 21 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 21 consists of allegations of fact, each of those allegations is denied.

22. Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 21 of the Complaint, above.

23. To the extent that paragraph 23 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff was provided with family leave before he ceased working, and that Plaintiff failed to return from such leave and was therefore deemed to have voluntarily resigned. The remaining factual allegations of paragraph 23 of the Complaint are denied.

24. To the extent that paragraph 24 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 24 consists of allegations of fact, each of those allegations is denied.

25. To the extent that paragraph 25 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 25 consists of allegations of fact, each of those allegations is denied.

26. Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 25 of the Complaint, above.

27. Paragraph 27 of the Complaint consists of conclusions of law, and therefore Defendant is not required to respond thereto.

28. To the extent that paragraph 28 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 28 consists of allegations of fact, each of those allegations is denied.

29. To the extent that paragraph 29 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 29 consists of allegations of fact, each of those allegations is denied.

30. Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 29 of the Complaint, above.

31. To the extent that paragraph 31 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff was an at-will employee of Defendant Lumbermens. The remaining factual allegations of paragraph 31 of the Complaint are denied.

32. To the extent that paragraph 32 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that in the previous four years it has provided reasonable accommodations to employees with medical disabilities who had requested and required such accommodations. The remaining factual allegations of paragraph 32 of the Complaint are denied.

33. To the extent that paragraph 33 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 33 consists of allegations of fact, each of those allegations is denied.

34. To the extent that paragraph 34 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 34 consists of allegations of fact, each of those allegations is denied.

35. To the extent that paragraph 35 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that the San Lorenzo Division of Lumbermens Employee Handbook issued 2/10/04 includes the language quoted in paragraph 35 of

the Complaint. Defendant also admits that the handbook was issued to all employees of the San Lorenzo Lumber Division of Lumbermens. The remaining factual allegations of paragraph 35 of the Complaint are denied.

    36.    To the extent that paragraph 36 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 36 consists of allegations of fact, each of those allegations is denied.

    37.    To the extent that paragraph 37 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 37 consists of allegations of fact, each of those allegations is denied.

    38.    To the extent that paragraph 38 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits being aware that Plaintiff had certain physical ailments. The remaining factual allegations in paragraph 38 of the Complaint are denied.

    39.    Defendant admits that an Employee Handbook makes the statements quoted in paragraph 39 of the Complaint. The remaining factual allegations in paragraph 39 of the Complaint are denied.

    40.    Admitted.

    41.    To the extent that paragraph 41 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. Defendant admits that Plaintiff was provided with family leave before he ceased working. The remaining factual allegations of paragraph 41 of the Complaint are denied.

    42.    To the extent that paragraph 42 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 42 consists of allegations of fact, each of those allegations is denied.

    43.    To the extent that paragraph 43 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 43 consists of allegations of fact, each of those allegations is denied.

44. Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 43 of the Complaint, above.

45. To the extent that paragraph 45 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 43 consists of allegations of fact, each of those allegations is denied.

46. To the extent that paragraph 46 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 46 consists of allegations of fact, each of those allegations is denied.

47. To the extent that paragraph 47 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 43 consists of allegations of fact, each of those allegations is denied.

48. To the extent that paragraph 48 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 48 consists of allegations of fact, each of those allegations is denied.

49. Defendant incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 48 of the Complaint, above.

50. To the extent that paragraph 50 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 50 consists of allegations of fact, each of those allegations is denied.

51. To the extent that paragraph 51 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 51 consists of allegations of fact, each of those allegations is denied.

52. To the extent that paragraph 52 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 52 consists of allegations of fact, each of those allegations is denied.

53. To the extent that paragraph 53 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 53 consists of allegations of fact, each of those allegations is denied.

54. To the extent that paragraph 54 of the Complaint consists of conclusions of law, Defendant is not required to respond thereto. To the extent that paragraph 54 consists of allegations of fact, each of those allegations is denied.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is solely responsible for the damages alleged, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery in this action is barred because all of Defendant's acts, as alleged in the Complaint, to the extent that it committed any acts at all, were done in good faith pursuant to reasonable business justifications and were reasonably related to a legitimate business purpose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this action is barred because Defendant's conduct was at all times mentioned in the Complaint absolutely justified and privileged.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has had and continues to have the ability to mitigate his alleged damages, if any, and has failed and refused to mitigate such alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

All of Defendant's conduct with regard to Plaintiff's employment was just and the proper exercise of management discretion, undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing and known to Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for attorneys' fees.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for punitive, exemplary, general, special, consequential, compensatory or incidental damages.

### NINTH AFFIRMATIVE DEFENSE

One or more causes of action are barred because plaintiff's employment by defendant was terminable at will pursuant to California Labor Code Section 2922.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Defendant's conduct was neither extreme nor outrageous and did not cause Plaintiff emotional distress.

### ELEVENTH AFFIRMATIVE DEFENSE

The damage or injury alleged, if any, was directly and proximately caused in whole or in part by the negligence, carelessness, fault, recklessness, lack of due care, breach of contract, deceit, fraud, and/or conduct of Plaintiff or third parties and/or their agents, employees, servants and contractors. Accordingly, if Plaintiff is found to have sustained or to be entitled to any damages whatsoever, Defendant is not liable for those damages, or is liable for only a portion of those damages and is entitled to an apportionment thereof in direct proportion to the comparative fault of Plaintiff or such third parties.

### TWELFTH AFFIRMATIVE DEFENSE

One or more causes of action are barred by the doctrines of laches, estoppel, waiver, and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred, in whole or in part, because accommodating Plaintiff's purported disability would have presented an undue hardship to Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred, in whole or in part, because if there was an obligation to participate in the interactive process, Plaintiff is at fault for any failure of that process, not Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks punitive damages, it violates Defendant's right to protection from "excessive fines" under Article 1, Section 17 of the California Constitution, and it violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 of the California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint provides a basis for federal court jurisdiction, and Defendant will pursue removal of this action to the Northern District of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was never an employee of ProBuild Holdings, Inc.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The exclusive remedy for some or all of the injuries alleged in the Complaint, if any remedy exists, is provided under the California workers' compensation laws, California Labor Code § 3200, *et seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's third and fourth causes of action are barred, as Plaintiff's employment was not terminated by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's third and fourth causes of action are barred, as Plaintiff's employment was not so offensive or intolerable that a reasonable person would have felt compelled to resign.

## TWENTIETH AFFIRMATIVE DEFENSE

One or more causes of action are barred because Defendant had no reason to believe that any employee would act in any particular alleged illegal or wrongful way.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

One or more causes of action are barred by the doctrine of avoidable consequences.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to set out his claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant reserves the right to add further defenses as the bases for plaintiff's purported claims become known.

### PRAYER

WHEREFORE, Defendant LUMBERMENS, INC. prays:

1. That plaintiff take nothing by way of his Complaint;
2. That defendant be awarded judgment in its favor and against plaintiff;
3. That defendant be awarded its costs of suit incurred herein and reasonable attorneys' fees; and
4. That defendant have such other relief as the Court may deem just and proper.

DATED: February 19, 2008                             DAVIS WRIGHT TREMAINE LLP


By: _____/s/_____
Kathleen D. Poole
Attorney for Defendant
LUMBERMENS, INC.

DAVIS WRIGHT TREMAINE LLP

ANSWER OF DEFENDANT TO PLAINTIFF'S VERIFIED COMPLAINT
Case No. 107CV101420                                                                                   SFO 402662v3 0050022-000221 00A0

## VERIFICATION

I, Kathy Dawley, am the Vice President, Human Resources of Lumbermens, Inc., a named party to this action, and am authorized to make this verification for and on its behalf, and I make this Verification for that reason. I have reviewed plaintiff Danny Joe Elliott's Complaint for Damages filed December 19, 2007 in California Superior Court, Santa Clara County, and the foregoing Defendant Lumbermens, Inc.'s Answer to Plaintiff's Verified Complaint, and I am informed and believe and on that ground allege that the matters stated in this Verified Answer are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 15, 2008

_____
Kathy Dawley

# PROOF OF SERVICE

I, Farshid Arjam, declare under penalty of perjury under the laws of United States of America that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111-6533.

I caused to be served the following documents:

**DEFENDANT LUMBERMENS, INC.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

I caused the above document to be served by the following means

☑ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on February 19, 2008, following the ordinary business practice, on:

Stephen A. Fraser
Attorney at Law
3030 Bridgeway, Suite 127
Sausalito, CA  94965

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____ guaranteed delivery on _____ following the ordinary business practice.

☐ I caused an electronic transmission of said documents to be transmitted on January __, 2007 following the ordinary business practice.

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on_____.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on February 19, 2008, at San Francisco, California.

_____
Farshid Arjam

PROOF OF SERVICE                                1